U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 OCT 10 PM 12: 23

CLERK

BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MANSFIELD HELIFLIGHT, INC., )
)
Plaintiff, )
)
v. ) Case No. 2:16-cv-28
)
FREESTREAM AIRCRAFT USA, LTD., )
)
Defendant. )

**ENTRY OF FINAL JUDGMENT AND AWARD OF COSTS**

Plaintiff Mansfield Heliflight, Inc. brought this action against Defendant Freestream Aircraft USA, Ltd. alleging the following state-law claims arising out of the purchase and sale of a Gulfstream IV jet (the "Aircraft"): fraudulent inducement, tortious interference with a contract, tortious interference with a prospective business relationship, civil conspiracy, and unjust enrichment.

Following a five-day trial held from July 12 through July 16, 2019, the jury found in favor of Plaintiff on its claims of fraudulent inducement, tortious interference with a contract, tortious interference with a prospective business relationship, and unjust enrichment, and in Defendant's favor on Plaintiff's civil conspiracy claim. The jury awarded Plaintiff $420,000 in restitution damages for the unjust enrichment claim, $800,000 in compensatory damages, and $2,440,000 in punitive damages, for a total award of $3,660,000.

On July 22, 2019, the court issued an Entry Order requesting supplemental briefing from the parties regarding whether the jury's verdict on Plaintiff's unjust enrichment claim should be vacated because there exists an adequate remedy at law. On August 5, 2019, Plaintiff and Defendant each filed supplemental briefing addressing this issue.

Pending before the court is Plaintiff's August 5, 2019 motion for entry of final judgment and award of prejudgment interest and costs. (Doc. 161.) Plaintiff requests that the court enter an order "reflecting the jury's award ($3,660,000) plus prejudgment interest at the rate of twelve percent per annum from October 28, 2015 up to the date of entry of judgment, plus costs in the amount of $11,249.87." (Doc. 161 at 5.)

Plaintiff is represented by Jennifer E. McDonald, Esq., and Walter E. Judge, Jr., Esq. Defendant is represented by Courtney R. Rockett, Esq., Jack G. Stern, Esq., Jonathan R. Voegele, Esq., Patrick J. Rohan, Esq., and Richard B. Drubel, Esq.

## I. Whether to Award Plaintiff Damages for Unjust Enrichment.

Defendant requests that the court vacate Plaintiff's $420,000 award for unjust enrichment because Plaintiff has an adequate remedy at law and cannot be allowed to recover twice for the same harm. Alternatively, Defendant requests that the court reduce the amount of the unjust enrichment verdict to $85,000, which it asserts is the net profit that Defendant received from the sale of the Aircraft.[1] Plaintiff asks the court to enter judgment for the full amount awarded by the jury and argues that equitable damages are permissible because compensatory damages did not afford a complete remedy and because the remedy at law and the equitable relief reflect two different types of harm.

Unjust enrichment requires a party seeking equitable relief to prove: "'(1) a benefit was conferred on defendant; (2) defendant accepted the benefit; and (3) defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value.'" *Kellogg v. Shushereba*, 2013 VT 76, ¶ 31, 194 Vt. 446, 463, 82 A.3d 1121, 1133 (quoting *Center v. Mad River Corp.*, 561 A.2d 90, 93 (Vt. 1989)); *JW, LLC v. Ayer*, 2014 VT 71, ¶ 22, 197 Vt. 118, 129, 101 A.3d 906, 914 (observing that unjust enrichment may be awarded in equity where "'[t]he law implies a promise to pay [because] a party receives a benefit and the retention of the benefit would be inequitable.'") (alterations in original) (quoting *Cedric Elec., Inc. v. Shea*, 472 A.2d

---

[1] Defendant's President and Owner, Rebecca Posoli-Cilli, testified that "after expenses and commission payouts," the amount Freestream "ke[pt]" was approximately "[$]85 to [$]90,000." (Doc. 158 at 160.)

2

be inequitable.'") (alterations in original) (quoting *Cedric Elec., Inc. v. Shea*, 472 A.2d 757, 757 (Vt. 1984) (per curiam)). "In determining whether a quasi-contract should be implied under an equitable theory of unjust enrichment, the inquiry is whether, in light of the totality of the circumstances, equity and good conscience demand that the defendant return that which the plaintiff seeks to recover." *Brookside Mem'ls, Inc. v. Barre City*, 702 A.2d 47, 50 (Vt. 1997).

"[W]here a case involves both legal and equitable claims, the jury verdict must come first, after which the court may issue findings on the equitable claims that must be consistent with the jury verdict." *LeBlanc v. Snelgrove*, 2015 VT 112, ¶ 39, 200 Vt. 570, 588, 133 A.3d 361, 373. "In an action not triable of right by a jury, the court, on motion or on its own[,] . . . may try any issue with an advisory jury[.]" Fed. R. Civ. P. 39(c); *see also Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 343 (8th Cir. 2018) ("To bind the district court's equitable powers, a jury's findings must be on an issue 'common' to the action's legal and equitable claims; otherwise, the court is free to treat the jury's findings as 'merely advisory' under Federal Rule of Civil Procedure 39(c).").

"Equitable remedies are available when there is not an adequate remedy at law on the very subject in question." *Wynkoop v. Stratthaus*, 2016 VT 5, ¶ 50, 201 Vt. 158, 183-84, 136 A.3d 1180, 1196. "To be adequate the legal remedy must be able to provide complete relief for the case before the court and must be equally convenient, beneficial, and effective." *Id.* at ¶ 18; *see also Moreau v. Sylvester*, 2014 VT 31, ¶ 20, 196 Vt. 183, 193, 95 A.3d 416, 423 ("Equity will not afford relief where there is a plain, adequate, and complete remedy at law.") (citation omitted).

> [B]efore a court's equitable jurisdiction is foreclosed because of the availability of a legal remedy, the legal remedy must be competent to afford relief on the very subject matter in question, and be equally convenient, beneficial and effective as the equitable remedy which would otherwise be available. In other words, to be adequate the remedy at law must be practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.

3

court recognized that "[i]n the event Plaintiff's adequate recovery at law is established, Plaintiff's equitable claims will be dismissed." *Mansfield Heliflight, Inc. v. Freestream Aircraft USA, Ltd.*, 2016 WL 7176586, at *17 (D. Vt. Dec. 7, 2016). This result is mandated because if a plaintiff has an adequate remedy at law "and the main cause of action is of a legal nature, equity has no jurisdiction." *Gerety v. Poitras*, 224 A.2d 919, 921 (Vt. 1966).

An unjust enrichment claim does not require proof of a monetary loss suffered by Plaintiff. *See* Restatement (Third) of Restitution and Unjust Enrichment § 1 (2011) (noting that unjust enrichment claims do not necessarily require proof that "the claimant has suffered a loss"); *see also Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 9, 198 Vt. 420, 425, 115 A.3d 1009, 1012 ("We frequently have adopted provisions of [the Restatement (Third) of Restitution and Unjust Enrichment] where our law is undeveloped."). Instead, unjust enrichment addresses the harm of benefiting from tortious behavior. *See Weed v. Weed*, 2008 VT 121, ¶ 17, 185 Vt. 83, 90, 968 A.2d 310, 315 ("[T]he equitable doctrine of unjust enrichment rests upon the principle that a man shall not be allowed to enrich himself unjustly at the expense of another.") (citation omitted). It is not available, however, "where it simply duplicates, or replaces, a conventional contract or tort claim[.]" *Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1185 (2012). Because "a plaintiff is generally not permitted to recover twice for the same injury," *Will v. Mill Condo. Owners' Ass'n*, 2006 VT 36, ¶ 7, 179 Vt. 500, 503, 898 A.2d 1264, 1267, Plaintiff generally cannot recover both compensatory and restitution damages for the same harm.[2]

---

[2] The cases that Plaintiff cites are inapposite. In *Gladstone v. Amidon*, 2012 WL 2880367, at *1 (Vt. July 11, 2012), the plaintiffs did not challenge the validity of the jury's unjust enrichment damages award and the Vermont Supreme Court did not address it. In *Beaudoin on Behalf of New England Expedition Ltd. P'ship II v. Feldman*, 2018 VT 83, ¶ 14, 196 A.3d 768, 774, although the plaintiff brought claims for conversion, breach of fiduciary duty, and unjust enrichment, he sought only compensatory and punitive damages. The Vermont Supreme Court held that the evidence was insufficient to support the punitive damages award but was not asked to consider whether the compensatory damages award was duplicative or otherwise invalid. In *Porter v. Hu*, 169 P.3d 994, 1008 (Haw. Ct. App. 2007), the trial court allowed the plaintiffs to elect to receive an unjust enrichment award for restitution damages instead of the compensatory

4

At trial, the jury received instructions regarding Plaintiff's legal claims as well as its equitable claim for unjust enrichment. In the event the jury found in favor of Plaintiff on the unjust enrichment claim, the jury was instructed to consider whether Plaintiff was entitled to restitution damages, which were described as follows: "Unjust enrichment requires that the party who has been unjustly enriched surrender the benefit it received at the expense of the other party. With regard to this equitable claim, you must determine as a fact what you believe that benefit is." (Doc. 148 at 20.) The jury was not instructed to determine whether Plaintiff had an adequate remedy at law, nor would it be permissible to ask it to make that determination. *See Loose-Wiles Biscuit Co. v. Deering Vill. Corp.*, 48 A.2d 715, 717 (Me. 1946) ("Whether a litigant seeking equitable relief has an adequate remedy at law is a question of law.").

Plaintiff introduced into evidence a "Settlement Statement" prepared for Defendant which showed that upon closing the sale of the Aircraft to Blackjet, LLC on October 28, 2015, Defendant received $210,000, Rudolph Melk received $210,000, and Galaxy Aviation Ltd. received $180,000. (Plaintiff's Ex. 99.) Rebecca Posoli-Cilli, Defendant's President and Owner, testified that Defendant earned "[$]210,000 before expenses and commission payouts" on the sale of the Aircraft, but that after paying expenses and commissions, Defendant kept approximately $85,000 to $90,000. (Doc. 158 at 160.) In closing argument, Plaintiff stated that Defendant's "unjust enrichment for the benefit that Freestream got from buying the jet that it would not have gotten if Mansfield's deal had gone through is $600,000." (Doc. 160 at 69.) Defendant countered that if the jury were to find it liable for unjust enrichment, the jury should award $85,000, the "net profit" that it received upon sale of the Aircraft. *Id.* at 80. The jury found that Defendant was unjustly enriched and that the restitution damages owed for unjust enrichment amounted to $420,000. Because these findings pertained only to Plaintiff's

---

damages awarded under theories of breach of contract and tortious interference. Although the Intermediate Court of Appeals of Hawaii endorsed this approach, Plaintiff does not identify authority for its application in Vermont. In any event, Plaintiff would not benefit from being allowed to elect the restitution damages award instead of the compensatory damages award because the latter award is greater.

5

equitable claim for unjust enrichment, they are merely advisory. *See* Fed. R. Civ. P. 39(c).

With regard to compensatory damages for Plaintiff's legal claims, the jury was instructed:

> If you decide in favor of Mansfield on all or some of its claims, then you must determine the amount of money that reasonably, fairly, and adequately compensates Mansfield for the harm that it suffered. Your aim in calculating compensatory damages is to put Mansfield as nearly as possible in the same position that it would have occupied but for Freestream's unlawful actions.
>
> The burden is on Mansfield to prove by a preponderance of the evidence the amount of damages which it has suffered, except for with regard to its fraudulent inducement claim where the burden is clear and convincing evidence. Where the amount of damages are capable of being calculated in dollars and cents, Mansfield must demonstrate the amount of its loss in dollars and cents. Under no circumstances may you award damages that are speculative or conjectural.
>
> Lost profits may not be recovered as an element of damages unless they are proved with reasonable certainty. If lost profits are proved with sufficient certainty, the amount that may be recovered is the net loss only. The net loss in this case can be calculated by deducting amounts that Mansfield would be obligated to pay other parties.

(Doc. 148 at 20.)

At trial, Plaintiff introduced evidence that it had signed a contract to purchase the Aircraft from Punj Lloyd Limited ("PLL") for $2,100,000. Eric Chase, the owner of Mansfield, testified that if he had not terminated the contract to purchase the Aircraft from PLL, he would have resold the Aircraft for $3,100,000 to Gulfstream Aviation Services, Inc. Mr. Chase also testified that he would likely have paid $100,000 to his broker, Koshy Varghese, if the deal had been carried out smoothly, and that the costs for ferrying and inspection of the Aircraft would likely have amounted to $100,000. The jury found that Plaintiff was entitled to $800,000 in compensatory damages. These compensatory damages reflect the consummation of Plaintiff's purchase and resale of the Aircraft. They thus fully compensate Plaintiff for losing its deal on the Aircraft to Defendant.

6

Were Plaintiff to recover for damages and restitution, it would receive the benefits of both parties' bargains, a clear windfall that would be inequitable on the facts before the court. Those facts include evidence that Plaintiff willingly entered into agreements with Rudolph Melk after Plaintiff believed Mr. Melk had filed a fraudulent FAA lien on the Aircraft. They also include evidence that Plaintiff paid an "inside man" who worked for the Aircraft's owner to provide information regarding negotiations for its sale. Against this factual backdrop, the court would be reluctant to award equitable relief even if it were available.

Plaintiff argues that it should be permitted to recover compensatory and restitution damages because these two monetary awards addressed "two distinct harms[.]" (Doc. 162 at 5.) However, this case is distinguishable from cases in which a plaintiff is permitted to recover two types of damages for two distinct injuries.[3] The facts that formed the basis for Plaintiff's unjust enrichment claim were the same facts underlying its tort claims. The only additional evidence introduced to support the unjust enrichment claim were the Settlement Statement indicating that Defendant was paid $210,000 upon the sale of the Aircraft to Blackjet, LLC and Ms. Posoli-Cilli's testimony that Defendant's profit on that sale was approximately $85,000 to $90,000. To the extent Plaintiff argues that Defendant must be deprived of any benefit derived from its wrongdoing, the jury's sizable punitive damages award achieves that result.

The jury's remedy at law is adequate because it placed Plaintiff in the same position it would have occupied but for Defendant's unlawful actions. Because the jury's compensatory damage award affords "complete relief for the case before the court" and provides an equally, if not more, "convenient, beneficial, and effective" remedy, Plaintiff

---

[3] *See, e.g., Will v. Mill Condo. Owners' Ass'n*, 2006 VT 36, ¶ 7, 179 Vt. 500, 503, 898 A.2d 1264, 1267 (finding that plaintiff could simultaneously pursue claims for rescission and money damages because plaintiff sought to recover for the "distinct harms" of loss of ownership of a condominium and loss of her use of the condominium for an extended period of time); *Gokey v. Bessette*, 580 A.2d 488, 492 (Vt. 1990) (affirming two separate damages awards because "[t]he events giving rise to the emotional damage were not contemporaneous with, nor did they concern, the same occurrence [as the retaliatory eviction]").

7

may not recover equitable damages under a theory of unjust enrichment. *Wynkoop*, 2016 VT 5 at ¶ 18, 201 Vt. at 170, 136 A.3d at 1187.

## II. Whether to Award Plaintiff Prejudgment Interest.

Plaintiff argues that because the jury's compensatory damages and unjust enrichment damages were reasonably ascertainable, an award of prejudgment interest is mandatory. Plaintiff asserts that the $800,000 compensatory award "reflects the $1 million profit Mansfield would have realized through its sale of the G4 Aircraft to Gulfstream Aviation Services, Inc., less the costs Mansfield would have incurred to transport the aircraft and to pay its broker" and that the $420,000 unjust enrichment award "precisely matches the commission Freestream received from the sale of the G4 Aircraft to Blackjet." (Doc. 161 at 4.) Alternatively, Plaintiff requests that prejudgment interest be awarded as a matter of the court's discretion.

Defendant responds that Plaintiff is not entitled to prejudgment interest because Defendant could not have ascertained Plaintiff's expected profits on the sale of the Aircraft prior to trial. In addition, Defendant asserts that the true value of Plaintiff's damages remains subject to dispute based on the sufficiency of the evidence and the propriety of the jury award. Defendant also maintains that the court should not award prejudgment interest in its discretion because there is no "reasonable and established method to calculate" such interest and because Plaintiff has presented no evidence of harm caused by delayed payment. (Doc. 167 at 4.)

"Vermont law governs the award of prejudgment interest in [a] diversity case." *J.A. McDonald, Inc. v. Waste Sys. Int'l Moretown Landfill, Inc.*, 247 F. Supp. 2d 542, 547 n.6 (D. Vt. 2002) (citing *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 186 (2d Cir. 2001)). "In an action where monetary relief is awarded, the amount of the judgment shall include the principal amount found to be due, all interest accrued on that amount up to and including the date of entry of judgment, and all costs allowed to the prevailing party." Vt. R. Civ. P. 54(a); *see also Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶ 36, 182 Vt. 349, 365, 940 A.2d 674, 685 (mandating "the award of prejudgment interest in cases where damages are liquidated or readily ascertainable at the

time of the tort") (internal quotation marks omitted). "'The principal rationale for an award of prejudgment interest as of right is that, where damages are liquidated or determinable by a reasonably certain standard of measurement, the defendant can avoid the accrual of interest by simply tendering to the plaintiff a sum equal to the amount of damages.'" *B & F Land Dev., LLC v. Steinfeld*, 2008 VT 109, ¶ 17, 184 Vt. 624, 628, 966 A.2d 127, 132 (quoting *Agency of Nat. Res. v. Glens Falls Ins. Co.*, 736 A.2d 768, 774 (Vt. 1999)).[4]

"Even when the amount of damages is uncertain, a court may award prejudgment interest in its discretion." *Birchwood Land Co. v. Ormond Bushey & Sons, Inc.*, 2013 VT 60, ¶ 23, 194 Vt. 478, 490, 82 A.3d 539, 548. The court may exercise its discretion "only where a reasonable and established method can be used to calculate the prejudgment interest." *J.A. McDonald, Inc.*, 247 F. Supp. 2d at 548. Courts generally exercise this discretion "when the plaintiff was harmed by the delay in reimbursement." *Wells Fargo Bank N.A. v. Sinnott*, 2010 WL 297830, at *11 (D. Vt. Jan. 19, 2010). Where damages are not "readily ascertainable" and where "the parties dispute how the jury could arrive at the damages it awarded[,]" prejudgment interest may properly be denied. *Winey v. William E. Dailey, Inc.*, 636 A.2d 744, 752 (Vt. 1993).

> The mere fact that plaintiff and defendant presented conflicting theories of damages does not, as defendant argues, automatically lead to the conclusion that the damages were not reasonably ascertainable. Plaintiffs and defendants in a tort action will always have an incentive to characterize the correct measure of damages in a way that is advantageous to them. Despite this fact, where the court has the option to rely on an established method of calculation, the damages may be said to be reasonably ascertainable.

---

[4] Defendant urges the court to exercise its discretion to apply a federal statutory interest rate calculated under 28 U.S.C. § 1961 based on *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 84 (2d Cir. 1994). In that case, the Second Circuit disagreed with the District Court's method of calculating prejudgment interest, but affirmed the District Court's ultimate award on the basis that it "achieved a fair figure," not specifically because it applied the federal statutory interest rate. *Id.* Under Vermont law, the amount of prejudgment "interest is calculated at the statutory legal rate in effect at the time of calculation (currently 12% simple annual interest under 9 V.S.A. § 41a(a))." Vt. R. Civ. P. 54, Reporter's Notes--1981 Amendment; *see also Concord Gen. Mut. Ins. Co. v. Gritman*, 2016 VT 45, ¶ 35, 202 Vt. 155, 170, 146 A.3d 882, 892 (affirming trial court's award of prejudgment interest at rate of twelve percent).

9

*Estate of Fleming v. Nicholson*, 724 A.2d 1026, 1031 n.3 (Vt. 1998).

In this case, the measure of compensatory damages was by no means readily ascertainable. Whether Plaintiff had a contract with a resale buyer; the terms of that contract; the costs Plaintiff would have incurred in transporting, inspecting, and maintaining the Aircraft; and Plaintiff's loan arrangement with its investor were all hotly contested and impacted any compensatory damages computation. Plaintiff's reliance on comparisons to lost wages or medical expenses is unavailing as those are concrete and static measures of damages. In addition, Plaintiff has not established any prejudice from the delay in payment. Defendant did not assume the risk of prejudgment interest by failing to "simply tender[] the amount due." *Birchwood Land Co.*, 2013 VT 60 at ¶ 24, 194 Vt. at 491, 82 A.3d at 548. Plaintiff's motion for an award of prejudgment interest is therefore DENIED.

## III. Whether to Award Allowable Costs.

Plaintiff asserts that its allowable costs in this action amount to $11,249.87. These include fees of the clerk, fees for service of process, as well as court reporters' appearances and transcription fees for depositions in the case. Defendant argues that the court should decline to award costs until the parties' claims and Defendant's post-trial motions are resolved.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff's motion for costs in the amount of $11,249.87 is therefore GRANTED.

## CONCLUSION

Plaintiff's motion for prejudgment interest is DENIED and Plaintiff's motion for costs is GRANTED. (Doc. 161.)

The court ORDERS entry of final judgment as follows: Plaintiff is awarded $800,000 in compensatory damages and $2,440,000 in punitive damages and JUDGMENT IS HEREBY entered in the amount of $3,240,000 for Plaintiff Mansfield

Heliflight, Inc. against Defendant Freestream Aircraft USA, Ltd. Costs are awarded in the amount of $11,249.87. Plaintiff's request for equitable relief is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of October, 2019.

Christina Reiss, District Judge
United States District Court